Modesto Barbosa, Petitioner, *v.* District Court of Bayamón, Respondent.

No. 817. Argued April 11, 1932.—Decided July 7, 1932.

*Adrián Agosto* for petitioner. *Angel M. Torres* for intervener Rosita Agricultural Co., Inc.

Mr. Justice Hutchison delivered the opinion of the Court.

Victorio Santiago brought an action in the Municipal Court of Toa Alta against Modesto Barbosa for the recovery of $90.48. He attached a house and lot and a cow and calf, the property of defendant. The cow and calf were left in the possession of Barbosa as depositary. On June 18, 1929, Santiago obtained judgment and Barbosa appealed. On February 3, 1930, Santiago obtained a judgment in the district court. On February 19, 1930, Barbosa claimed his statutory exemption and moved for stay of execution. On the day following, Santiago applied for a writ of execution. On April 11th the municipal judge overruled the motion because of the failure of Barbosa to appear on the day set for a hearing and establish his claim to exemption. On April 29th, the secretary of the municipal court sent by mail to the attorneys copies of the court's ruling and issued a writ of execution. June 2d was fixed and advertised by the marshal as the day of sale. On May 27th Barbosa again claimed his exemption as to the cow and calf and moved to quash the writ of execution. In the same municipal court,

on June 15, 1930, the Rosita Agricultural Company Inc., commenced an action against Santiago and attached, as his property, the house and lot and the cow and calf which had been awarded to him as sole bidder at the execution sale on June 2d. Barbosa then instituted a proceeding in the same court against the Rosita Agricultural Company Inc., and Santiago to dissolve the attachment as to the cow and calf. The municipal court, after a trial, dismissed the proceeding. Barbosa appealed and the district court, after a trial *de novo,* also dismissed the proceeding. In the meanwhile, the action brought by the Rosita Agricultural Company proceeded to judgment in the municipal court. A motion for a writ of execution in this action was pending in the municipal court at the time of the judgment rendered by the district court in the proceeding instituted by Barbosa against Santiago and the Rosita Agricultural Company. Santiago made no defense in that proceeding. The Agricultural Company entered a general denial and set up as special defense the title alleged to have been acquired by Santiago as purchaser at the execution sale. It raised no question of *res judicata,* laches, waiver or pendency of the undecided motion of May 27th, *supra,* to quash the execution.

The ruling of the municipal court on the motion of February 19, 1930, to stay the execution did not purport to pass on the merits of Barbosa's claim to exemption as to the cow and calf, and was not *res judicata.* It was not pretended at that time nor at any time thereafter, that Barbosa was concealing other assets or that he had any other livestock. Even if it had been shown that he had other cows and calves, the motion itself would have been sufficient evidence of selection. The attachment of Barbosa's only cow and calf created no lien, and the motion for a stay of execution should not have been denied. The overruling thereof, because of his failure to appear at the hearing, was not a bar to the presentation of the subsequent motion of May 27th to quash the writ of execution. That motion was pending and undecided

at the time of the dismissal of Barbosa's third party proceeding, after the trial *de novo,* in the district court. Perhaps, even in the absence of a request by any of the parties, the better practice would have been to hold the third party proceeding in abeyance pending a final determination of the motion to quash the execution in the original action. In any event, Santiago, as purchaser of the cow and calf at the execution sale, either acquired no title whatever or took his title subject to the result of the motion to quash. Perhaps Barbosa should have presented a motion to vacate the execution sale. These are questions that have not been raised by any of the parties. They need not be decided now. The result would have been the same and would be the same if the instant case were remanded for further proceedings. The cow and calf were exempt from execution and, in the face of a timely assertion of Barbosa's claim to exemption, the attempted transfer of ownership by the marshal to Santiago as purchaser at the execution sale could not be permitted to stand. The attachment levied by the Rosita Agricultural Company must stand or fall with Santiago's title. It may as well be dissolved now as hereafter.

The judgment of dismissal entered by the court in the third party proceeding brought by Barbosa as to the cow and calf must be reversed, and the attachment levied on the livestock by the Rosita Agricultural Company will be dissolved.